1  KAREN P. HEWITT
   United States Attorney
2  SAMUEL W. BETTWY
   Assistant U.S. Attorney
3  California State Bar No. 94918
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7119
   Facsimile:  (619) 557-5004
6  Email: samuel.bettwy@usdoj.gov

7  Attorneys for Respondents

8

9                    UNITED STATES DISTRICT COURT

10            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12 PHALY RIN,                        )  Case No. 08cv0571 JM (WMc)
   [A25 334 107]                     )
13                                   )
                                     )
14              Petitioner,          )
                                     )
15      v.                           )
                                     )  **NOTICE OF INTENT TO DEPORT
16 MICHAEL CHERTOFF, Secretary       )  PETITIONER**; RESPONSE IN
   of the Department of Homeland     )  OPPOSITION TO REQUEST FOR STAY
17 Security, et al.,                 )  OF DEPORTATION; PRELIMINARY
                                     )  RETURN TO PETITION FOR WRIT OF
18              Respondents.         )  HABEAS CORPUS
                                     )
19 _____

20                                 I

21                          INTRODUCTION

22      The Government intends to deport Petitioner Rin from the United States to

23 Cambodia pursuant to an outstanding 1993 order of deportation at about 9:00 p.m. on

24 April 1, 2008.  The purpose of this Response is to afford the Court an opportunity to

25 consider Rin's request for a stay of deportation and to explain why the Court should deny

26 the request and dismiss this case.  The undersigned became aware of the instant Petition

27 at about 2:00pm on this day.

28 ///

1    Petitioner Rin seeks a stay of his 1993 deportation order, and he contends that the
2    order is "illegal" because he is entitled to relief from deportation.  [Pet., para. 13.]
3    However, Rin did not appeal from the IJ's order or bring a motion to reopen deportation
4    proceedings.  He does not allege any impropriety whatsoever in the conduct of his
5    deportation proceedings.  The stay should be denied because Rin presents no serious
6    legal question, and he is not likely to succeed in this case.  Most importantly, this Court
7    lacks subject matter under the REAL ID Act,[1] because Rin is challenging his deportation
8    order.  The Court also lacks personal jurisdiction because Rin, who is represented by
9    experienced counsel, has not served the Petition on the U.S. Attorney's Office.  As stated
10   above, Rin fails to state a claim upon which relief can be granted because he makes no
11   specific allegations and makes no argument to explain why the deportation order is
12   unlawful.  A Boston, Massachusetts, Immigration Judge ("IJ") ordered Rin deported *in*
13   *absentia* on February 8, 1993, and Rin did not appeal from the order or bring a motion
14   to reopen.  He does not allege any deprivation of due process whatsoever.

15       In addition, the stay should be denied under the fugitive disentitlement doctrine
16   and/or the unclean hands doctrine because Rin has been a fugitive from the Immigration
17   and Naturalization Service ("INS") and (since March 1, 2003) the Department of
18   Homeland Security ("DHS").

19                                    II

20                    STATEMENT OF FACTS

21       The Government has not had an opportunity to obtain the administrative file (A-
22   File) in this case.  Therefore this Statement of Facts is based upon allegations contained
23   in Rin's instant Petition.

24   ///

25

26   [1]  "REAL ID Act" refers to Division B of the Emergency Supplemental
     Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005,"
27   Pub. L. No. 109-13, 119 Stat. 231, which was enacted and became effective on May 11,
     2005.

28

1    Petitioner Rin is a native and citizen of Cambodia [Pet., para. 4] who is currently
2    under a final order of deportation which DHS's Immigration and Customs Enforcement
3    ("ICE") intends to execute at about 9:00pm on April 1, 2008. [Exs. 1-3.] In 1982, Rin
4    entered the United States. Rin does not allege whether he entered as a nonimmigrant or
5    an immigrant. Given that he is Cambodian, it is likely that he entered as a refugee.
6    Thereafter, he was convicted of a crime in Massachusetts, and the state court judge
7    granted him a Judicial Recommendation and Deportation ("JRAD"). See generally
8    United States v. Bodre, 948 F.2d 28, 40 (1st Cir. 1991).

9    Subsequently, INS placed Rin in deportation proceedings. It is not known whether
10   the charge(s) of deportability was/were based solely upon the conviction. The nature of
11   Rin's conviction is not known at this time, so it is also not known whether the JRAD
12   would have helped Rin avoid a deportation order. Rin, who is represented by an
13   experienced immigration law specialist, does not offer adequate allegations or argument
14   in the instant Petition.

15   At any rate, in the course of the deportation proceedings, Rin was scheduled to
16   appear before the Immigration Judge in Boston, Massachusetts, on February 8, 1993.
17   Rin does not allege that the Government failed to provide him with notice of the hearing
18   or with a warning of the consequences of his failure to appear. Rin failed to appear for
19   the hearing, so the IJ ordered him deported *in absentia*. [Pet., para. 4.] See 8 U.S.C. §
20   1252(b) (1991). Rin did not appeal from the deportation order, and he did not bring a
21   motion to reopen. He does not allege that the Government failed to provide him with
22   adequate notice of the deportation order. Therefore, it can be concluded that Rin has
23   remained in the United States as a fugitive since 1993.

24   Subsequently, ICE's fugitive operations located Rin in San Diego. On January 15,
25   2008, ICE obtained a travel document from Cambodian government in order to execute
26   Rin's 1993 order of deportation. On March 10, 2008, ICE took Rin into custody. On
27   March 26, 2008, Rin filed the instant Petition, and did not serve U.S. Attorney's Office.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III

THE REQUEST FOR STAY OF REMOVAL SHOULD BE DENIED
AND THE PETITION SHOULD BE SUMMARILY DISMISSED OR DENIED

A.    STANDARD OF REVIEW OF STAY REQUEST

The standard of review for these types of stay requests was set forth by the Ninth

Circuit in Abbassi v. I.N.S., 143 F.3d 513 (9th Cir. 1998):

> We evaluate stay requests under the same standards employed by district
> courts in evaluating motions for preliminary injunctive relief. See Gallegos
> v. Heckler, 713 F.2d 1432, 1435 (9th Cir.), rev'd in part on other grounds,
> [463 U.S. 1328 (1983)]. Petitioner must show either a probability of
> success on the merits and the possibility of irreparable injury, or that
> serious legal questions are raised and the balance of hardships tips sharply
> in petitioner's favor. See Artukovic v. Rison, 784 F.2d 1354, 1355 (9th
> Cir.1986); see also Arthurs v. INS, 959 F.2d 142, 143-44 (9th Cir.1992).
> These standards represent the outer extremes of a continuum, with the
> relative hardships to the parties providing the critical element in
> determining at what point on the continuum a stay pending review is
> justified. See Gallegos, 713 F.2d at 1435.

Id. at 514, cited in Andreiu v. Ashcroft, 253 F.3d 477, 479 (9th Cir. 2001). See also

Blancada v. Turnage, 891 F.2d 688, 691 (9th Cir. 1989) (The stay should be granted if

Petitioner has raised "a nonfrivolous constitutional challenge to his deportation order yet

undecided by the [Ninth Circuit] or the Supreme Court").

B.    NO LIKELIHOOD OF SUCCESS
AND NO SERIOUS LEGAL QUESTION PRESENTED

1.    Lack of Subject Matter Jurisdiction under REAL ID Act

Rin is challenging his deportation order as "illegal" (although, as explained below,

he does not allege any unlawful governmental action or otherwise explain why the order

is unlawful). [Pet., para. 13.] Because Rin commenced these habeas proceedings after

May 11, 2005, they are governed by 8 U.S.C. § 1252(a)(1), as amended by the REAL ID

Act, which provides that district courts lack jurisdiction, habeas or otherwise, to review

challenges to orders of removal, deportation, or exclusion. 8 U.S.C. § 1252(a)(5) ("[A]

petition for review filed with an appropriate court of appeals in accordance with this

section shall be the sole and exclusive means for judicial review of an order of removal

1 entered or issued under any provision of this Act, except as provided in subsection
2 (e)").[2/] Accordingly, this action should therefore be dismissed for lack of subject matter
3 jurisdiction.

4 There is no basis for transferring this case to the First Circuit, because Rin has
5 already foregone the opportunity to file timely appeals in his deportation proceedings,
6 and he has alleged no deprivation of due process.  See Sunoto v. Gonzales, 504 F.3d 56,
7 59 (1st Cir. 2007) ("A petitioner who fails to present a claim to the BIA has failed to
8 exhaust his administrative remedies on that issue, and we consequently lack jurisdiction
9 to review the claim").

10                    2.    Lack of Personal Jurisdiction

11 Petitioner has not served the U.S. Attorney's Office with the instant Petition.
12 Under the Federal Rules of Civil Procedure, Rin's failure to personally and properly
13 serve Respondents deprives this Court of personal jurisdiction.  The instant Petition is
14 based upon 28 U.S.C. § 2241, which applies non-custodial aliens subject to removal.
15 Rule 81(a)(2) of the Federal Rules of Civil Procedure states that the Rules "are
16 applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such
17 proceedings is not set forth in the statutes of the United States, the Rules Governing
18 Section 2254 Cases, or the Rules Governing Section 2255 Proceedings, and has
19 heretofore conformed to the practice in civil actions."  Fed. R. Civ. P. 81(a)(2).

20 The applicable section to this case, 28 U.S.C. § 2241, contains no special rules and
21 therefore the Federal Rules of Civil Procedure are generally applicable.  Therefore,
22 petitioners for habeas corpus relief under 28 U.S.C. § 2241 are required to serve the
23 respondent/custodian.   At a minimum this means proper personal service on the
24 responsible official and proper service on the U.S. Attorney for the district in which the
25 action is brought.  While such would be full, proper service, the Court may find it to be

26
27 [2/]    Subsection (e) concerns expedited orders of removal under 8 U.S.C. § 1225(b)(1).
Rin's case does not concern such an expedited order of removal.
28

1  minimally acceptable as "substantial compliance with Rule 4," under the case of <u>Jackson</u>
2  <u>v. Hayakawa</u>, 682 F.2d 1344, 1347 (9th Cir. 1982).   Service in this case did not
3  substantially comply with Rule 4, because Rin's attorney did not serve the U.S.
4  Attorney's Office.

5       As the courts have stated, "[a] federal court is without personal jurisdiction over
6  a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."
7  <u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir. 1986).  "Neither actual notice nor simply
8  naming the defendant in the complaint will provide personal jurisdiction without
9  'substantial compliance with Rule 4.'"  <u>Id.</u> (quoting <u>Jackson v. Hayakawa</u>, 682 F.2d
10 1344, 1347 (9th Cir. 1982)).

11      Personal jurisdiction in habeas corpus proceedings is predicated on service of
12 process.   Personal jurisdiction exists only when the custodian/respondent has been
13 served.  <u>See</u> <u>Allen v. Oregon</u>, 153 F.3d 1046, 1050 (9th Cir. 1998) (holding that failure
14 to order service of petitioner's federal custodian deprived district court of personal
15 jurisdiction over indispensable party).  It follows that the failure of a § 2241 petitioner
16 to effect, at least substantial compliance with Fed. R. Civ. P. 4, leaves this Court without
17 personal jurisdiction over the respondent.

18      Without proof of service to establish personal jurisdiction, the stay should be
19 denied and the Petition should be summarily dismissed.

20            3.    <u>Failure to State to State a Claim upon Which Relief Can Be Granted</u>
21      Although Rin contends that his deportation order "illegal," he contends only that,
22 if the proceedings were re-opened, the JRAD would relieve him from the order of
23 deportation.  He had the opportunity to seek relief from deportation before the IJ, and he
24 failed to do so.  He alleges no deprivation of due process or unlawful action whatsoever.
25 Therefore, he has failed to state a claim upon which relief can be granted.  His stay
26 should be denied, and his Petition should be summarily denied.

27 ///

28

1

2

**C.    RELIEF SHOULD BE DENIED
UNDER THE FUGITIVE DISENTITLEMENT DOCTRINE
AND/OR THE UNCLEAN HANDS DOCTRINE**

3       The facts indicate that Rin has been a fugitive since 1993.  The fugitive

4   disentitlement doctrine may be applied when an alien flees or his whereabouts otherwise

5   become unknown while his appeal of his deportation order is pending.  <u>Antonio-</u>

6   <u>Martinez v. I.N.S.</u>, 317 F.3d 1089, 1090 (9th Cir. 2003).  Rin's request for relief from

7   this Court should be denied under the disentitlement doctrine.

8       Relief may also be denied under the unclean hands in that Rin is seeking relief

9   from deportation, whereas he has been avoiding deportation as a fugitive for the last 15

10  years.  Habeas proceedings are equitable in nature, so equitable defenses apply.  The

11  unclean hands doctrine derives from the equitable maxim that "he who comes into equity

12  must come with clean hands."  <u>Precision Inst. Mfg. Co. v. Automotive Maintenance</u>

13  <u>Mach. Co.</u>, 324 U.S. 806, 814 (1945), <u>quoted in</u> <u>Ellenburg v. Brockway, Inc.</u>, 763 F.2d

14  1091, 1097 (9th Cir. 1985).  <u>See also</u> <u>Sanders v. United States</u>, 373 U.S. at 17 (a habeas

15  petitioner's "conduct . . . may disentitle him to the relief he seeks").

16                                         IV

17                                   CONCLUSION

18      For the reasons set forth above, the request for a stay of deportation should be

19  denied, and the Petition should be summarily dismissed or denied.

20      DATED:   March 31, 2008

21                                              Respectfully submitted,

22                                              KAREN P. HEWITT
                                                United States Attorney
23
                                                s/ *Samuel W. Bettwy*
24
                                                SAMUEL W. BETTWY
25                                              Assistant U.S. Attorney

26                                              Attorneys for Respondents
                                                Email: samuel.bettwy@usdoj.gov
27

28