UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHALY RIN,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　vs.<br>MICHAEL CHERTOFF, et al.,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 08 CV 0571 JM (WMc)<br><br>**ORDER DENYING PETITION<br>FOR WRIT OF HABEAS CORPUS** |

　　　　Petitioner, a native and citizen of Cambodia, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on March 26, 2008. He seeks a stay of a 1993 final order of deportation. On March 31, 2008, Defendants filed a return to the petition in which they indicate that the Department of Homeland Security's Immigration and Customs Enforcement division intends to execute the deportation order at approximately 9:00 p.m. on April 1, 2008. The court hereby **DENIES** Petitioner's habeas corpus petition.

　　　　Most importantly, this court lacks subject matter jurisdiction under the REAL ID Act. Specifically, 8 U.S.C. § 1252(a)(5) deprives this court of jurisdiction by providing that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act . . . ." 8 U.S.C. § 1252(a)(5).

　　　　Furthermore, the assertion that Petitioner has exhausted his administrative remedies is belied by his failure to appeal the order of deportation as well as his failure to seek to reopen removal

proceedings. The court notes that, in his declaration, Petitioner does not state that he was never served with a copy of the deportation order. (See Petition, Exh. 1.) Instead, Petitioner states that he was ordered deported in absentia. (See id.) Notwithstanding the fact that the order was issued in absentia, Petitioner presumably could have sought relief upon notification of the order.[1]

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

DATED: April 1, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

---

[1] The court also observes that, by filing his habeas petition days before his anticipated deportation – after an approximately 15-year period in which he apparently was in fugitive status – Petitioner has come to the court far too late for the relief he seeks.